[Cite as *State v. Jones*, 2018-Ohio-239.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                :

                              :

      Plaintiff-Appellee,        :      Case No. 16CA3574

                              :

v.                        :

                              :      <u>DECISION AND</u>

BRIAN JONES,             :      <u>JUDGMENT ENTRY</u>

                              :

      Defendant-Appellant.    :      RELEASED: 01/16/18

---

APPEARANCES:

Timothy Young, Ohio Public Defender, and Francisco Lüttecke, Assistant Ohio Public Defender, Columbus, Ohio, for defendant-appellant.

Matthew S. Schmidt, Ross County Prosecutor, and Pamela C. Wells, Assistant Ross County Prosecutor, Chillicothe, Ohio, for plaintiff-appellee.

---

Hoover, P. J.

{¶ 1} Defendant-appellant, Brian Jones, appeals the judgment of the Ross County Court of Common Pleas convicting him of one count of felonious assault and sentencing him to four years in prison. On appeal, Jones argues that (1) the trial court erred in failing to instruct the jury on aggravated assault and defense of another; and (2) trial counsel was ineffective for failing to request a jury instruction on defense of another. For the following reasons, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 2} In the early morning hours of July 19, 2015, James Vickery was stabbed outside an alleyway in Chillicothe, Ohio. Jones was identified as Vickery's assailant and

charged with one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree. The circumstances surrounding the stabbing were disputed at trial.

{¶ 3} Vickery testified that on the night in question he was walking to the store when he saw his friend, Rebecca Cade, and an unknown male, later identified as Jones, walking towards him. Vickery called out to Cade; but she ignored him and eventually turned down an adjacent alley. Jones followed.

{¶ 4} As Vickery approached the alley, Jones emerged and punched him in his face. A struggled ensued; and Vickery was hit several times in the neck, chest, and abdomen region. Although Vickery had a knife in his pocket, he never used it. When he was finally able to get free, he realized that he was bleeding and flagged down a motorist, who called 9-1-1. Vickery was airlifted to a Columbus hospital where he underwent surgery for multiple punctured organs.

{¶ 5} Jones recalled a different version of events. According to him, on the night in question, he and Cade were hanging out at a house near the alley. Sometime after midnight, Cade walked into the alley to make a call; and shortly thereafter, he heard an argument. Initially, he only heard loud voices but then he heard Cade yelling for help. When he arrived in the alley, he saw that Vickery had Cade by her arm. The two were standing still; but Cade was trying to pull away. She asked him for help.

{¶ 6} At that point, Jones told Vickery that "she was with [him] and that [he] was going to take her and she was drunk. She was drunk and [he] was going to take her back over to the house where she belonged." Vickery responded by punching Jones in his left temple, knocking him down. Jones stood up and responded with a double-punch, knocking Vickery to the ground. When Vickery got back up, he pulled out a knife, telling

Jones that he was going to "get him." Jones backed away, and fearing for his life, he

pulled a knife from his back pocket. He explained,

> Vickery kept coming after me with the knife. I approached him, cut him
>
> across his left jaw he wiped the blood away and then he just went crazy. I
>
> don't recall hitting him in his gut. Last thing I remember I hit him
>
> underneath his left arm, he screamed and I think that's the only thing that
>
> woke him up and he proceeded to back away from me from that point on.

{¶ 7} At the conclusion of Jones's case, trial counsel moved for a jury instruction

on aggravated assault:

> The Court: I don't really recall any testimony at all that the defendant was
>
> under any influence of sudden passion or sudden fit of rage. If you could
>
> direct me to where that testimony is, perhaps that would assist me.
>
> [Defense Counsel]: I would submit, Your Honor, the natural reaction to
>
> having someone pulling a knife on you would be a sudden passion.
>
> The Court: That may be a natural reaction, but that doesn't mean the
>
> defendant had that reaction. Is there any testimony that would get me that
>
> in this case.
>
> [Defense Counsel]: I think circumstantially, yes. If you apply the
>
> circumstantial evidence instruction, is found generally in OJI that

circumstantial evidence is the same as direct evidence and therefore we've

met that burden.

The Court: I agree that that is the OJI on circumstantial evidence. Can you

point me to the circumstantial evidence that shows that is what he had?

[Defense Counsel]: Again, the circumstance is that he pulls a knife on

him, [defendant's] reaction is to pull a knife out of his pocket, open it

behind his back and when the guy comes at him he stabs him in his face.

The Court: You do understand that people can do that in a calm, collective

manner, right?

[Defense Counsel]: Properly trained, yes. There are people that have been

properly trained that they would be doing it in a calm and collective

manner. I think that given, if you watch his demeanor as he described

what was happening, that would support it certainly.

The Court: Based on his demeanor as he described it, I don't get that

conclusion. I'm going to decline to give an instruction on aggravated

assault.

{¶ 8} Although the trial court declined to give an instruction on aggravated

assault, it instructed the jury on the affirmative defense of self-defense. The jury rejected

that defense, however, and found Jones guilty of the charge. He was sentenced to four

years in prison.

## II. Assignments of Error

{¶ 9} On appeal, Jones assigns the following errors for our review.

Assignment of Error I:

The trial court violated Brian Jones's rights to due process and a fair trial
when it failed to give the jury an instruction as to the inferior-degree
offense of aggravated assault and also when it failed to instruct the jury on
the "defense of another." Fifth and Fourteenth Amendments to the United
States Constitution and Article I, Section 16, of the Ohio Constitution;
Crim.R. 52(B).

Assignment of Error II:

Trial counsel provided ineffective assistance of counsel, in violation of the
Sixth Amendment to the United States Constitution and Article I, Section
10, of the Ohio Constitution. *Strickland v. Washington*, 466 U.S. 668, 104
S.Ct. 2052 (1984).

## III. Law and Analysis

### A. The Trial Court Did Not Abuse Its Discretion in Denying Trial Counsel's Request for an Aggravated Assault Jury Instruction

{¶ 10} A trial court generally has broad discretion in deciding how to fashion jury

instructions. *State v. Hamilton*, 4th Dist. Scioto No. 09CA3330, 2011-Ohio-2783, ¶ 69.

However, "a trial court must fully and completely give the jury all instructions which are

relevant and necessary for the jury to weigh the evidence and discharge its duty as the

fact finder." *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two

of the syllabus. "Additionally, a trial court may not omit a requested instruction, if such

instruction is 'a correct, pertinent statement of the law and [is] appropriate to the facts * *

*.' " *Hamilton* at ¶ 69, quoting *State v. Lessin*, 67 Ohio St.3d 487, 493, 620 N.E.2d 72

(1993). "When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case." *State v. Ellis*, 5th Dist. Fairfield No. 02 CA 96, 2004-Ohio-610, ¶ 19.

{¶ 11} Aggravated assault is an inferior degree of felonious assault. *State v. Deem*, 40 Ohio St.3d 205, 210–211, 533 N.E.2d 294, 299 (1988). The two offenses are identical, except aggravated assault contains serious provocation as a mitigating factor. *Id.* R.C. 2903.11(A) provides:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's

unborn by means of a deadly weapon or dangerous ordnance.

R.C. 2903.12(A) defines aggravated assault as follows:

"(A) No person, *while under the influence of sudden passion or in a*

*sudden fit of rage*, either of which is brought on by *serious provocation*

occasioned by the victim that is reasonably sufficient to incite the person

into using deadly force, shall knowingly:

(1) Cause serious physical harm to another * * *."

(Emphasis added.)

{¶ 12} Thus, in a trial for felonious assault, a trial court must give the jury an aggravated assault instruction if the defendant presents sufficient evidence of serious provocation such that a jury could both reasonably acquit the defendant of felonious assault and convict the defendant of aggravated assault. *State v. Mack*, 82 Ohio St.3d 198,

200, 694 N.E.2d 1328 (1998); *Deem* at 211; *State v. Shane*, 63 Ohio St.3d 630, 590

N.E.2d 272 (1992).

{¶ 13} Provocation, to be serious, must be reasonably sufficient to bring on

extreme stress and the provocation must be reasonably sufficient to incite or to arouse the

defendant into using deadly force. In determining whether the provocation was

reasonably sufficient to incite the defendant into using deadly force, the court must

consider the emotional and mental state of the defendant and the conditions and

circumstances that surrounded him at the time. *Deem*, at paragraph five of the syllabus.

{¶ 14} Determining whether sufficient evidence of serious provocation exists so

as to warrant an aggravated assault instruction involves an objective and subjective

inquiry. *Mack* at 201. A court must (1) objectively determine whether the alleged

provocation is reasonably sufficient to bring on a sudden passion or fit of rage, and (2)

determine whether the defendant in the particular case actually was under the influence of

sudden passion or in a sudden fit of rage. *Id*.

{¶ 15} Under the objective part of the inquiry, provocation is reasonably

sufficient to bring on a sudden passion or fit of rage if it would "arouse the passions of an

ordinary person beyond the power of his or her control." *Shane* at 635. "If insufficient

evidence of provocation is presented, so that no reasonable jury would decide that an

actor was reasonably provoked by the victim, the trial judge must, as a matter of law,

refuse to give an aggravated assault instruction." *Id*. at 634.

{¶ 16} If the evidence shows that the defendant was sufficiently provoked under

the objective standard, the inquiry then shifts to whether the defendant actually was under

the influence of sudden passion or a sudden fit of rage. *Id*. at 634. When a court

determines whether the defendant actually was under the influence of sudden passion or a sudden fit of rage, the court must consider the defendant's emotional and mental state at the time of the incident. *Id.*

{¶ 17} Here, Jones argues that "both the assault on [Cade], as well as [Vickery] pulling a knife in what had merely been a fistfight until then, establish that there was ample evidence presented that serious provocation existed, and that [Jones's] mental and emotional state in response to these circumstances warranted his use of force." Appellant's Brief, p. 8. However, neither a push nor a punch constitutes sufficient provocation to warrant an aggravated assault instruction. *E.g.*, *State v. Howard*, 9th Dist. Summit No. 26897, 2014–Ohio–1334, ¶ 25 (concluding that "being grabbed on the arm and experiencing a cut in the process would not arouse the passions of an ordinary man beyond the power of his control such that he would be aroused to use deadly force"); *State v. Evans*, 4th Dist. Scioto No. 05CA3002, 2006–Ohio–2564, ¶ 64 (stating that "[a]s a matter of law, hitting another person does not constitute sufficient provocation to bring about a sudden passion or fit of rage"); *State v. Bryan*, 4th Dist. Gallia No. 03CA3, 2004–Ohio–2066 (concluding that victim grabbing defendant and attempting to hit him is not, as a matter of law, serious provocation); *State v. Parker*, 4th Dist. Washington No. 03CA43, 2004–Ohio–1739, ¶ 23 (stating that victim throwing plate of spaghetti on defendant did not constitute serious provocation so as to warrant aggravated assault instruction); *State v. Koballa*, Cuyahoga App. No. 82013, 2003–Ohio–3535 (concluding that sufficient provocation did not exist when the victim grabbed the defendant by the testicles and the arm).

{¶ 18} Likewise, we have previously stated that being struck with the butt of a rifle or sprayed in the face with mace does not constitute sufficient provocation because these acts are similar to a push or a punch. *E.g.*, *State v. Noble*, 4th Dist. Athens No. 15CA20, 2017-Ohio-1440, ¶ 38 (noting that being struck with the butt of the rifle would not constitute a sufficient provocation); *State v. Moore*, 4th Dist. Scioto No. 15CA3717, 2016-Ohio-8274, ¶ 22 (concluding that spraying an individual in the face with mace is arguably similar to a push or a punch and neither a push nor a punch constitutes sufficient provocation to warrant an aggravated assault instruction).

{¶ 19} While Jones alleges that Vickery did more than punch or push him, even if we were to assume that Vickery's act of pulling a knife on him objectively constitutes sufficient provocation, there was no evidence presented to show that Jones was actually under the influence of sudden passion or in a sudden fit of rage when he stabbed Vickery. The only evidence as to his mental and emotional state was his testimony that he "was worried about [his] life"; and "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." *State v. Mack*, 82 Ohio St.3d 198, 201, 694 N.E.2d 1328 (1998). *Accord State v. Madden*, 10th Dist. Franklin No. 05AP-149, 2006-Ohio-4224, ¶ 26 (evidence failed to demonstrate the requisite subjective provocation where defendant did not testify he was enraged, but rather he was scared and believed that he was in a life or death situation). *See also State v. Harris*, 129 Ohio App.3d 527, 535, 718 N.E.2d 488 (1998) ("[e]vidence supporting the privilege of self-defense, i.e., that the defendant feared for his own and other's personal safety, does not constitute sudden passion or a fit of rage as contemplated by the voluntary manslaughter statute.").

{¶ 20} Accordingly, the trial court did not abuse its discretion in denying trial counsel's request for an aggravated assault jury instruction.

### B. Trial Counsel Was Not Ineffective for Failing to Request a Jury Instruction on Defense of Another; and the Trial Court Did Not Commit Plain Error in Failing to Provide the Unrequested Instruction

{¶ 21} Criminal defendants have a right to counsel, including a right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn. 14. To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Accord State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.

{¶ 22} When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Quotation omitted.) *Id.* "A

properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor,* 4th Dist. Washington No. 07CA11, 2008–Ohio–482, ¶ 10, citing *State v. Smith,* 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio–6679, 860 N.E.2d 77, ¶ 61.

{¶ 23} "To establish prejudice, a defendant must demonstrate that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different." *State v. Walters*, 4th Dist. Washington Nos. 13CA33, 13CA36, 2014-Ohio-4966, ¶ 24, citing *State v. White,* 82 Ohio St.3d 15, 23, 693 N.E.2d 772 (1998). "Furthermore, courts may not simply assume the existence of prejudice, but must require that prejudice be affirmatively demonstrated." *Id*. "There are countless ways to provide effective assistance in any given case; therefore, judicial scrutiny of counsel's performance must be highly deferential." *Id.*

{¶ 24} Here, Jones argues that trial counsel was ineffective for failing to request a jury instruction on defense of another. Defense of another is a variation of self-defense; and therefore, a defendant claiming that he acted in defense of another must meet the criteria for the affirmative defense of self-defense. *E.g.*, State v. *M.L.D.*, 10th Dist. Franklin No. 15AP-614, 2016-Ohio-1238, ¶ 41 (applying standards of self-defense to claims of defense of another). To show self-defense, a defendant generally must show that (1) he or she was not at fault in creating the situation giving rise to the event, (2) he or she had reasonable grounds to believe and an honest belief that he or she was in

imminent danger of death or great bodily harm and that the only means of escape from such danger was by the use of force, and (3) he or she did not violate any duty to retreat or avoid the danger. *State v. Goff*, 4th Dist. Lawrence No. 11CA20, 2013–Ohio–42, ¶ 17. Thus, in order to be entitled to a defense of another instruction, the defendant must demonstrate that " '(1) [he or the other person who was being defended] was not at fault in creating the violent situation, (2) [he] had a bona fide belief that [another] was in imminent danger of death or great bodily harm and that [the] only means of escape was the use of force, and (3) that the defendant did not violate any duty to retreat or avoid the danger.' " *State v. Chandler*, 8th Dist. Cuyahoga No.105246, 2017-Ohio-8573, ¶ 16, quoting *State v. Osborne*, 9th Dist. Summit No. 27563, 2016-Ohio-282, ¶ 6.

{¶ 25} At trial, Jones testified that although he originally went into the alley because he heard Cade yelling for help, he stabbed Vickery because Vickery pulled a knife out and threatened to "get" *him*. Jones never indicated that Vickery threatened Cade with a knife, such that Jones was defending Cade when he stabbed Vickery. In fact, Jones's testimony indicated that Cade fled the scene before Vickery allegedly pulled out his knife. Thus, trial counsel's decision to not request a jury instruction on defense of another—and argue only self-defense—was reasonable trial strategy.

{¶ 26} Jones also argues that trial court committed plain error in not providing the unrequested instruction. To establish plain error, a defendant must show that (1) there was an error or deviation from a legal rule, (2) the error was plain and obvious, and (3) the error affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). We find plain error only " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State*

*v. Clayton*, 62 Ohio St.2d 45, 47, 402 N.E.2d 1189 (1980), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 27} Recently, the Ohio Supreme Court held that "[w]hen the decision not to request a particular jury instruction may be deemed to be part of a reasonable trial strategy, *we will not find plain error*." (Emphasis added.) *State v. Mohamed*, 2017-Ohio-7468, --- N.E.3d ---- , ¶ 27, citing *State v. Clayton*, 62 Ohio St.2d 45, 47–48, 402 N.E.2d 1189 (1980). Put differently, a trial court does not commit plain error in failing to provide an unrequested jury instruction where the decision to not request the instruction could be considered trial strategy. *Id*.

{¶ 28} Pursuant to *Mohamed*, since trial counsel's decision not to request a jury instruction on defense of another was reasonable trial strategy, we will not find that the trial court committed plain error in failing to provide the unrequested instruction.

### IV. Conclusion

{¶ 29} Having determined that Jones's claims lack merit, we overrule his assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

Harsha, J., concurring:

{¶ 30} I concur in judgment and opinion except for paragraph 10, which seems to contain two inconsistent standards of review.  In that regard I believe the law cited in *Hamilton, supra* and *Comen, supra* applies, rather than the rule cited in *Ellis, supra*. In other words the trial court may retain discretion in the wording of the instruction, but it cannot, as a matter of law, refuse to give an instruction where there is "appropriate to the facts" presented in evidence.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment Only with Concurring Opinion.
McFarland J.: Concurs in Judgment Only.


For the Court


By:  _____
         Marie Hoover, Presiding Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**