[Cite as *State v. Queen*, 2022-Ohio-4735.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 22CA3978 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| ARNOLD QUEEN, II, | : | |
| Defendant-Appellant. | : | **RELEASED: 12/21/2022** |

<u>APPEARANCES:</u>

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio for Appellee.

Arnold Queen, II, Appellant, Pro Se.

Wilkin, J.

{¶1} Arnold Queen, II ("Queen") appeals the judgment of the Scioto County Court of Common Pleas that denied his petition for post-conviction relief without holding a hearing. The state of Ohio ("state") has filed a brief in opposition.

{¶2} Queen asserts a single assignment of error: "The lower court abused its discretion when it denied appellant's petition for postconviction relief without first holding an evidentiary hearing as the issue is not in the record and should have been decided with a hearing, depriving the appellant adequate procedural due process of law."

{¶3} The state claims that Queen's guilty plea included agreed, consecutive sentences. The state claims that Queen's agreed sentence is not

appealable under R.C. 2953.08(D)(1). It further claims that Queen's guilty plea waived all his rights that occurred prior to the plea, except for an allegation that he did not voluntarily enter the plea, which he did not assert.

{¶4} The state points out that Queen has "offered no specific facts or evidence to support his claim." It also maintains that the trial court did make the findings required under R.C. 2929.14 to impose consecutive sentences.

{¶5} The state maintains that Queen's counsel negotiated a plea with an agreed sentence of 12 to 15 years, which is significantly less than the 22 to 33-year prison term that he could have received had he rejected the plea.

{¶6} The state concludes that Queen has not shown that his counsel's representation failed to meet the standard of objective reasonableness. Therefore, the state argues that the trial court's decision denying Queen's petition should be affirmed without a hearing.

{¶7} Having reviewed the arguments, the applicable law, and the record, we overrule Queen's assignment of error and affirm the trial court's judgment that denied his petition.

BACKGROUND

{¶8} On September 22, 2020, the state charged Queen with the following: (1) two counts of aggravated vehicular homicide, each in violation of R.C. 2903.06(A)(1)(a) and 2903.06(B)(2)(b)(i), first-degree felonies; (2) one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them in violation of R.C. 4511.19(A)(1)(a) and 4511.19(G)(1)(a), a first-degree misdemeanor; and (3) one count of driving under suspension or in

violation of license restriction in violation of R.C. 4510.11(A) and 4510.11(D)(1), also a first-degree misdemeanor.  Queen pleaded not guilty.

{¶9} During a pre-trial hearing on August 31, 2021, the parties informed the court that they had reached a plea agreement.  Consequently, the court proceeded with a change of plea hearing.  According to the trial court's entry accepting Queen's guilty plea, the court engaged in a colloquy with Queen during which

> [he] was advised by the Court of the charge or charges and of all constitutional rights, and the penalty provided by law, that the defendant was presumed innocent and that such presumption continues unless proven guilty beyond a reasonable doubt. Defendant said that the defendant's acts were free and voluntary acts, whereupon the court found that defendant's rejection of all rights was voluntarily, intelligently and knowingly made by the defendant.

{¶10} Sentencing was set for September 24, 2021.  Queen signed a document titled "MAXIMUM PENALTY," which stated that he understood that Counts 1 and 2 each required a mandatory prison term of 11 to 16 and one-half years, and Counts 3 and 4 could each result in 180 days in jail.  He also signed a second document titled "WAIVER of RIGHTS," that stated that he understood the charges against him and "the penalty provided by law" and that by pleading guilty to those charges he was waiving his constitutional trial rights.

{¶11} At the sentencing hearing, the trial court imposed the following sentence: (1) a mandatory minimum of six years to a maximum of nine years in prison on Count 1, (2) a mandatory six years in prison on Count 2, (3) six months in jail on Count 3; and (4) six months in jail on Count 4.  The court ordered the prison terms for Counts 1 and 2 to be served consecutive to one another for an

aggregate prison term of a minimum of 12 years to a maximum of 15 years with 12 of those years being mandatory. The court also ordered the misdemeanor jail sentences for Counts 3 and 4 to run consecutive to each other for an aggregate sentence of twelve months of incarceration in jail, but to be served concurrent to the felony sentences. Finally, the entry stated: "This sentence, pursuant to O.R.C. 2953.08(D), IS an AGREED SENTENCE." Queen did not file a direct appeal, and his 30-day appeal window expired.

{¶12} On December 20, 2021, Queen filed a "petition to vacate or set aside sentence" pursuant to R.C. 2953.21. The petition alleged that the trial court did not make the findings required by R.C. 2929.14 when it imposed consecutive sentences. Thus, Queen maintained that his trial counsel was ineffective for failing to object to the trial court's failure to make those findings.

{¶13} The trial court denied Queen's petition without holding a hearing. The court found that Queen entered a plea agreement that included agreed, consecutive sentences. The court determined that it made the findings required by R.C. 2929.14 when imposing consecutive sentences and Queen was aware of the maximum penalties he could receive. The court further found there was nothing for Queen's "trial counsel to object to." Trial counsel negotiated a plea for Queen that included a sentence that was "a substantial reduction in the penalty that he could have received." It is this judgment that Queen appeals.

ASSIGNMENT OF ERROR

THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DENIED
APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT
FIRST HOLDING AN EVIDENTIARY HEARING AS THE ISSUE IS NOT
IN THE RECORD AND SHOULD HAVE BEEN DECIDED WITH A

HEARING, DEPRIVING THE APPELLANT ADEQUATE PROCEDURAL DUE PROCESS OF LAW.

**{¶14}** Queen argues that the trial court abused its discretion when it denied his petition for post-conviction relief without holding a hearing. He asserts that the trial court did not make the "courses of conduct" finding required by R.C. 2929.14(C)(4)(b), which sets out findings a court must make before it can order sentences to be served consecutively. Queen claims that his trial counsel was ineffective for failing to object to the trial court's order that his sentences were to be served consecutively. Queen maintains that the evidence supporting his claim is "dehor[s] the record." Finally, Queen alleges that "there is absolutely nothing in the waiver of jury trial or plea change that stipulates the Appellate agreed to a twelve-year sentence."

LAW

A. Standard of Review

**{¶15}** "[W]e review decisions granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 under an abuse of discretion standard." *State v. Blanton*, 4th Dist. Adams No. 19CA1096, 2020-Ohio-7018, ¶ 7, citing *State v. Smith,* 4th Dist. Highland No. 19CA16, 2020-Ohio-116, at ¶ 16; *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 58. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 19.

**{¶16}** "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St. 2d 107, 413 N.E.2d 819 (1980) at the syllabus.

**{¶17}** "A criminal defendant seeking to challenge a conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing." *State v. Jayjohn*, 4th Dist. Vinton No. 2021-Ohio-2286, ¶ 11, citing *State v. Calhoun,* 86 Ohio St. 3d 279, 282, 714 N.E.2d 905 (1999), citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). "Before granting an evidentiary hearing, the trial court must determine whether substantive grounds for relief exist. R.C. 2953.21(D). In making such a determination, the court shall consider the petition, supporting affidavits, documentary evidence, and all the files and records from the case." *State v. Smith*, 4th Dist. Highland No. 19CA16, 2020-Ohio-116, ¶ 18, citing *Calhoun* at 282.

**{¶18}** "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11, citing *Calhoun* at 282-283. The petitioner must also prove that those errors resulted in prejudice. *Id.* "A court may dismiss a petition for postconviction relief without a hearing when the petitioner fails to submit evidentiary material 'demonstrat[ing] that petitioner

set forth sufficient operative facts to establish substantive grounds for relief.' "
(Brackets sic.). *Jayjohn*, 4th Dist. Vinton No. 2021-Ohio-2286, ¶ 12, quoting
*Calhoun* at paragraph two of the syllabus.

B.  Ineffective Assistance of Counsel

{¶19} "The post-conviction relief statute, R.C. 2953.21, provides a remedy
for a collateral attack upon judgments of conviction claimed to be void or voidable
under the United States or the Ohio Constitution." *State v. McCain*, 4th Dist.
Pickaway No. 4CA27, 2005-Ohio-4952, ¶ 9, citing R.C. 2953.21(A)(1); *State v.
Hatton*, 4th Dist. Pickaway No. 00CA10, 2000 WL 1152236 (Aug. 4, 2000).
In his petition for post-conviction relief, Queen maintained that he was deprived
of his constitutional right to effective assistance of counsel. "To establish
constitutionally ineffective assistance of counsel, a defendant must show (1) that
his counsel's performance was deficient and (2) that the deficient performance
prejudiced the defense and deprived him of a fair trial." *State v. Jarrell*, 2017-
Ohio-520, 85 N.E.3d 175, ¶ 48 (4th Dist.), citing *Strickland v. Washington,* 466
U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  " 'In order to
show deficient performance, the defendant must prove that counsel's
performance fell below an objective level of reasonable representation.  To show
prejudice, the defendant must show a reasonable probability that, but for
counsel's errors, the result of the proceeding would have been different.' "
*State v. Jones*, 2018-Ohio-239, 104 N.E.3d 34, ¶ 21 (4th Dist.), quoting *State v.
Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, at ¶ 95.

" 'Failure to establish either element is fatal to the claim.' " *Id.*, quoting *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.

**{¶20}** "When considering whether trial counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]' " *State v. Gaffin*, 4th Dist. Adams No. 16CA1027, 2017-Ohio-2935, ¶ 30, quoting *Strickland,* at 689. "[A] defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment." *Id.*, citing *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 61.

ANALYSIS

A.  Ineffective Assistance of Counsel

**{¶21}** A careful reading of Queen's petition for post-conviction relief reveals that his only allegation was that his counsel was ineffective for failing to object to the trial court's imposition of consecutive sentences because the court did not make the findings required by R.C. 2929.14(C)(4).  In his appeal, he now seems to claim that his plea did not include an agreed sentence.  He maintains "that there is absolutely nothing in the waiver of jury trial or plea change that stipulates the Appellate agreed to a twelve-year sentence."

**{¶22}** "Generally, a trial court must make certain findings prior to imposing consecutive sentences. R.C. 2929.14(C)(4)." *State v. Billiter*, 2018-Ohio-733, 106 N.E.3d 785, ¶ 33 (4th Dist.).  However, " '[i]f a jointly recommended sentence

includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in [former] R.C. 2929.14(E)(4) [now found in R.C. 2929.14(C)(4)], the sentence is nevertheless "authorized by law[.]" ' " *Id.* at ¶ 34, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 30, 36.

**{¶23}** We start by recognizing that the court made the findings required by R.C. 2929.14(C)(4) authorizing it to impose consecutive sentences. Furthermore, to the extent that Queen's guilty plea included agreed, consecutive sentences, it was "authorized by law," irrespective of whether the trial court made the R.C. 2929.14(C)(4) findings.  Consequently, Queen's counsel's failure to object to the agreed sentences solely because the trial court did not make R.C. 2929.14(C)(4) findings was within the "range of reasonable professional assistance" because the sentence was authorized by law.

**{¶24}** Queen further argues that his plea agreement did not include the agreed, consecutive sentences.  In support, he maintains that "there is absolutely nothing in the waiver of jury trial or plea change that stipulates the Appellate agreed to a twelve-year sentence."

**{¶25}** Queen is correct that neither his waiver of jury trial, nor the entry adopting his plea, references an agreed sentence.  However, the absence of any reference to an agreed sentence in those documents is not necessarily indicative that a plea does not include an agreed sentence.  Specifics of plea agreements, including agreed sentences, are discussed during plea hearings.  *See State v. Rue*, 9th Dist. Summit No. 27622, 2015-Ohio-4008, ¶ 7 ("A review of the

transcript from the plea colloquy reveals that the assistant prosecutor stated that the parties had reached a plea agreement that included an agreed sentence. Defense counsel stated that 'we are going to join in the recommendation for the ten years consecutive on each count understanding that it will be a 20-year term.' "). As we mentioned supra, the trial court held a plea hearing in this case. However, there is no transcript of that hearing in the record for us to review.

{¶26} "[I]t is the duty of the appellant to provide a transcript for appellate review." *State v. Hess*, 2014-Ohio-3193, 17 N.E.3d 15, ¶ 42 (4th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 383. "Appellant must request in writing from the reporter a complete transcript or a transcript of such parts of the proceedings deemed necessary for inclusion in the record and shall file a copy of said order with the clerk '[a]t the time of filing the notice of appeal.' " *Wilkinson v. Stirr*, 4th Dist. Highland No. 797, 1992 WL 308272 (Oct. 14, 1992), fn1, quoting App.R. 9(B). If an appellant fails "to provide this Court with the transcript of the change of plea hearing, we have nothing to pass upon and must, instead, presume the regularity and validity of the proceedings below." *State v. Crawford*, 4th Dist. Scioto No. 16CA3778, 2018-Ohio-2166, ¶ 13.

{¶27} In the instant case, Queen's notice of appeal did not request a transcript of the plea hearing. Consequently, there is no transcript of the hearing in the record. Absent this transcript, there is nothing for us to review aside from Queen's bald assertions, so we must presume the regularity and validity of the plea proceedings in the trial court. The trial court's sentencing entry expressly

states that the consecutive service of his prison and jail terms is part of Queen's "agreed sentence." Therefore, we find that Queen's guilty plea included agreed, consecutive sentences. As a result, Queen's counsel was not ineffective in failing to object.

**{¶28}** For the aforementioned reasons, we find Queen has failed to set forth "sufficient operative facts" to establish that his trial counsel's representation was ineffective. Rather, presuming the regularity of the proceedings, Queen's counsel negotiated an arguably favorable plea agreement for him. Therefore, we find that the trial court's denial of Queen's petition without holding a hearing was not unreasonable, arbitrary, or unconscionable. Accordingly, the trial court did not abuse its discretion in denying Queen's petition without holding a hearing.

### B. Res Judicata

**{¶29}** Even assuming for argument's sake that Queen's claim that his counsel was ineffective had merit, " '[t]he proper time to raise an ineffective assistance of trial counsel argument is on direct appeal of the original conviction and sentence.' " *State v. Dawson*, 4th Dist. Pickaway No. 18CA17, 2019-Ohio-2758, ¶ 11, quoting *State v. Brown*, 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 26.

> "A claim of ineffective assistance of counsel presented in a post-conviction petition may be dismissed under the doctrine of res judicata when the petitioner, represented by new counsel on direct appeal, has failed to raise on appeal the issue of trial counsel's competence and the issue could fairly have been determined without evidence dehors the record."

*State v. McKnight*, 4th Dist. Vinton No. 07CA665, 2008-Ohio-2435, ¶ 30, quoting *State v. Sowell*, 73 Ohio App.3d 672, 676, 598 N.E.2d 136 (1st Dist. 1999).

"A petitioner can overcome the res judicata bar to post-conviction relief only if he presents competent, relevant, and material evidence dehors, or outside, the record." *State v. Lawson*, 10th Dist. Franklin No. No. 02AP-148, 2002-Ohio-3329, ¶ 15, citing *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist. 1995).

**{¶30}** Queen maintains his trial counsel "failed to object to the trial Court's prejudicial error, thus making no mention in the record of an objection being an issue dehor[s] the record." Queen misunderstands the meaning of "dehors the record" in the context of post-conviction relief. Only when *evidence* exists *solely outside the record*, can the petitioner overcome res judicata and file a petition for post-conviction relief. Queen fails to identify any evidence outside the record that would support his claim that his counsel's failure to object was deficient representation.

**{¶31}** Accordingly, res judicata precluded Queen from raising his ineffective assistance of counsel claim in his petition for postconviction relief.

CONCLUSION

**{¶32}** In sum, Queen has failed to show that his counsel was ineffective by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. Rather, it appears that his counsel negotiated a plea that included agreed consecutive sentences that in aggregate resulted in less incarceration than he could have received if he rejected the plea. Ultimately, Queen has failed to prove his counsel was

ineffective and we presume the validity of his plea including the agreed consecutive sentences.  Having overruled Queen's sole assignments of error, and found that any relief is also barred by res judicata, we affirm the trial court's judgment entry denying his petition for postconviction relief.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy Wilkin, Judge




**NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**