[Cite as *State v. Smith*, 2017-Ohio-7659.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA3774 |
| v. | : | |
| THOMAS SMITH, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 09/14/2017 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Ohio Public Defender, Columbus, Ohio, for defendant-appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for plaintiff-appellee.

Hoover, J.

{¶1}   Defendant-appellant, Thomas Smith ("Smith"), appeals from the decision of the Scioto County Court of Common Pleas that denied his petition for post conviction relief without a hearing. For the reasons stated below, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶2}   The Scioto County Grand Jury indicted Smith and 21 other individuals who were involved in a conspiracy to traffic drugs in Portsmouth, Ohio. Smith was a resident of Columbus, Ohio. The co-defendants included residents of both Portsmouth and Columbus. Among the Columbus co-defendants were members of the criminal gang known as the 22nd Street Bloods.

Some of the defendants were indicted on as few as three counts, while others were indicted on as many as 15 counts. Smith was indicted on 14 counts.

{¶3}    All of the defendants except for Smith pleaded guilty[1] and received an agreed sentence. The 10 Portsmouth co-defendants received sentences ranging from 0 months of incarceration to 54 months, resulting in an average sentence of approximately 18 months. The 11 Columbus co-defendants received sentences ranging from 24 months of incarceration to 120 months, the average sentence being approximately 93 months. Instead of taking an offered plea deal, Smith decided to go to trial instead.

{¶4}    Following a jury trial, Smith was convicted of: one count of engaging in a pattern of corrupt activity; one count of conspiracy to engage in a pattern of corrupt activity; six counts of trafficking in drugs; one count of possession of heroin; one count of possession of cocaine; one count of conspiracy to traffic in heroin; and one count of participating in a criminal gang. On February 5, 2015, the trial court issued a judgment entry sentencing Smith to a total aggregate sentence of 40 years imprisonment. Smith appealed his convictions and sentences. *See State v. Smith*, 2016-Ohio-5062, 70 N.E.3d 150 (4th Dist.). In that appeal, we found that Smith's convictions for engaging in a pattern of corrupt activity and participating in a criminal gang should have merged as allied offenses of similar import and remanded the case to the trial court for a new sentencing hearing on those counts. *Id*. at ¶¶ 122-123.[2] Prior to the resentencing hearing, on July 28, 2016, Smith filed a petition for post conviction relief, alleging that the trial court punished him for exercising his constitutional right to a trial. In support of his petition, Smith filed the sentencing entries of his 21 co-defendants, a summary sentencing chart of all

---

[1] In exchange for pleading guilty to certain charges, the remaining charges pending against the defendants were dismissed.

[2] The trial court resentenced Smith on September 2, 2016, in accordance with our remand. Smith now has an aggregate sentence of 32 years in prison.

defendants, and the known criminal histories of his co-defendants. Smith contends that when comparing his sentence to those of his co-defendants, including those with similar criminal histories and more extensive culpability in this case, the only reasonable explanation one can make is that the trial court punished him for exercising his right to a trial – i.e., the trial court imposed an unconstitutional trial tax.

{¶5}    The trial court did not hold a hearing on Smith's petition; instead it found that the claims were barred under the doctrine of res judicata. The trial court also proceeded to find that the claims lacked merit substantively as well. It is from the trial court's decision denying his petition for post conviction relief that Smith now appeals.

## II. Assignment of Error

{¶6}    Smith assigns the following error for our review:

Assignment of Error:

> The trial court abused its discretion when it denied Thomas O. Smith's petition
> for postconviction relief without an evidentiary hearing. Sixth, Eighth, and
> Fourteenth Amendments to the U.S. Constitution; Article I, Sections 9, 10, and 16
> of the Ohio Constitution; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679,
> 860 N.E.2d 77; Sentencing Hr'g Tr. 8, 13; Thomas O. Smith's R.C. 2953.21
> Petition for Postconviction Relief to Vacate and Set Aside Judgment; State's
> Motion to Dismiss Defendant's Petition to Vacate or Set Aside Judgment of
> Conviction or Sentence; Judgment Entry (Aug. 26, 2016).

## III. Law and Analysis

{¶7}    In his sole assignment of error, Smith contends that the trial court erred by denying his petition for post conviction relief. In particular, Smith argues that the disparity between his sentence and the sentences of his co-defendants, all of whom pleaded guilty and received less prison time, demonstrates that the trial court vindictively punished him for

exercising his right to a trial – i.e., the trial court imposed a trial tax. Thus, Smith contends that his petition should have been granted, or at a minimum, the trial court should have held a hearing on the matter.

## A. Standard of Review

{¶8}    "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.,* 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19.

## B. Post Conviction Proceedings

{¶9}    A petition for post conviction relief brought pursuant to R.C. 2953.21 provides convicted individuals with a means to collaterally attack their convictions. *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008–Ohio–5771, ¶ 10. "It is a civil proceeding designed to determine whether 'there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' R.C. 2953.21(A). Thus, a petitioner must demonstrate errors of a constitutional magnitude and resulting prejudice before being entitled to relief under the statute." *Id* . R.C. 2953.21 specifically provides:

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated

a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(D) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

 * * *

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

* * *

{¶10}   A petitioner seeking post conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun,* 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999); *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012–Ohio–1936, ¶ 13. Rather, before granting a hearing on a petition, the trial court must first determine that substantive grounds for relief exist. R.C. 2953.21(D). "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.* at ¶ 11. Furthermore, in order to merit a hearing, the petitioner must show that the claimed "errors resulted in prejudice." *Id.,* quoting *Calhoun* at 283.

{¶11}   Additionally, res judicata applies to proceedings involving post conviction relief. *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *State v. Segines,* 8th Dist. Cuyahoga No. 99789, 2013–Ohio–5259, ¶ 8, quoting *State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 16.

{¶12}   Moreover, the fact that Smith's petition is supported by evidence outside the trial record does not automatically bar application of res judicata. In *Slagle* at ¶ 16, we noted that:

The presentation of competent, relevant, and material evidence dehors the record may defeat the application of res judicata. See *State v. Smith* (1985), 17 Ohio St.3d 98, 101, 17 OBR 219, 221, 477 N.E.2d 1128, 1131–1132, fn. 1. However, a petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal. *State v. Perry,* supra, 10 Ohio St.2d at 182, 39 O.O.2d at 193, 226 N.E.2d at 109. "[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *Coleman,* supra, Hamilton App. No. C–900811, at 7. To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record. [*Ohio v. Franklin,* 1st Dist. No. C–930760, 1995 WL 26281 (Jan. 25, 1995), *7.]

*State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995).

Furthermore, the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal. *State v. Lynch*, 1st Dist. Hamilton No. C-010209, 2001 WL 1635760, *3 (Dec. 21, 2001); *State v. Redd*, 6th Dist. Lucas No. L-00-1148, 2001 WL 1001182, *2 (Aug. 31, 2001); *State v. Murphy*, 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526, *3 (Dec. 26, 2000).

### C. Res Judicata Bars the Petition

{¶13}   The case sub judice raises similar issues to those raised by the petitioner in *State v. Lawson*, 10th Dist. Franklin No. 02AP-148, 2002-Ohio-3329. In *Lawson*, the petitioner alleged in his post conviction petition that he was denied due process of law because the sentence imposed upon him was not consistent with sentences imposed for similar crimes committed by similar offenders. *Id*. at ¶ 1. As evidence of the dissimilarity of his sentence, the petitioner in *Lawson* supported his petition with a summary of 41 criminal cases in which the offender was sentenced in the same trial court for similar offenses. *Id*. at ¶ 16. The trial court denied the post conviction petition because it determined that the claim was barred by the doctrine of res judicata. *Id*. at ¶ 5.

{¶14}   On appeal, the Tenth District Court of Appeals also held that the doctrine of res judicata barred the post conviction petition. *Id*. at ¶ 16. Of significance, the court noted that the sentences cited by the petitioner "were in existence and available at the time of [petitioner's] sentencing and should have been offered by [petitioner] at sentencing if he wished to rely upon them." *Id*. The court recognized that there is an "inherent difficulty" in presenting evidence of similar cases at sentencing when it may not be known whether there is a consistency issue until after the court has imposed sentence. *Id*. at ¶ 17. Nonetheless, the court held that "because such evidence is available at the time of sentencing, a defendant must be prepared to at least raise the consistency issue during the sentencing hearing and/or seek to supplement the record, if necessary, with comparable cases after the sentence has been imposed." *Id*. It further stated, "supplementing the record to include information regarding other, similar cases presents the appellate court with an adequate basis to determine on direct appeal whether the sentence imposed on the defendant is consistent." *Id*. at ¶ 18.

{¶15}  In this case, Smith asserts that the trial court punished him for exercising his constitutional right to a trial by imposing a vindictive sentence. Furthermore, Smith relies upon the sentencing entries of his co-defendants to support his argument. However, like the sentencing information used by the petitioner in *Lawson*, almost all of the co-defendants' sentencing entries were in existence and available at the time of Smith's original sentencing hearing.[3] Thus, we conclude that the sentencing entries do not constitute newly discovered evidence. Accordingly, we find that the issues raised by Smith could have been raised at trial or in a direct appeal and are barred by the doctrine of res judicata. Smith's sole assignment of error is overruled.

## IV. Conclusion

{¶16}  Having overruled Smith's sole assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

---

[3] Specifically, 17 of the 21 co-defendant sentencing entries existed at the time of Smith's sentencing hearing.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and Abele, J.: Concur in Judgment and Opinion.


For the Court


By: _____
       Marie Hoover, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**