[Cite as *State v. Dennison*, 2018-Ohio-4502.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO                               :

     Plaintiff-Appellee,                   :            Case No. 18CA6

v.                                          :

                                        DECISION AND
JUSTIN R. DENNISON,                         :            JUDGMENT ENTRY

     Defendant-Appellant.                  :            RELEASED: 11/01/2018

APPEARANCES:

Justin R. Dennison, Toledo, Ohio, pro-se appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and C. Michael Gleichauf, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

Hoover, P.J.

{¶1}    Appellant, Justin R. Dennison ("Dennison"), appeals the judgment of the Lawrence County Court of Common Pleas, which denied his petition for postconviction relief. On appeal, Dennison contends that the trial court abused its discretion by overruling his petition without holding an evidentiary hearing and without including any findings of fact or conclusions of law. Conversely, the State argues that the trial court did not abuse its discretion in denying the petition without a hearing because Dennison failed to present substantive grounds for relief in the petition.

{¶2}    For the following reasons, we find that the trial court properly denied the petition for postconviction relief. Because the petition lacked substantive grounds for relief, the trial court was not required to hold an evidentiary hearing. Furthermore, we find that the trial court's

judgment entry contained sufficient detail to meet the findings of fact and conclusions of law requirement. Accordingly, we affirm the judgment of the trial court.

### I. Facts and Procedural History

{¶3}     On September 20, 2015, Deputy Boyd Blake ("Deputy Blake") of the Lawrence County Sheriff's Office was dispatched to Proctorville, Lawrence County, Ohio, in reference to a house fire. (OP 69, Ex. 1). Stephanie Wells, the individual renting the home, gave a statement to Deputy Blake, in which she identified Dennison as the probable arsonist. (*Id.*). That same day, Deputy Blake found Dennison at the Dairy Queen in Proctorville, Ohio, and promptly arrested him. (*Id.*). According to his Investigative Narrative, Deputy Blake read Dennison the Miranda warnings. (*Id.*). Officer Steven Woodyard ("Officer Woodyard") of the Proctorville Police Department witnessed the arrest. (*Id.*).

{¶4}     Thereafter, Deputy Blake transported Dennison to the Lawrence County Jail. At the jail, Investigator Nakoa Spradlin ("Investigator Spradlin") of the State Fire Marshal's Office asked to speak with Dennison. (*Id.*). At the preliminary hearing held September 28, 2015, Investigator Spradlin testified that he reminded Dennison of the Miranda warnings. (OP 65, Ex. 2, p. 8-9). According to Investigator Spradlin, who made an audio recording of the conversation, Dennison confessed to starting the house fire. (*Id.* at 9).

{¶5}     On October 28, 2015, the Lawrence County Grand Jury issued a four-count indictment charging Dennison with Count 1: Aggravated Menacing, in violation of R.C. 2903.21, a misdemeanor of the first degree; Count 2: Abduction, in violation of R.C. 2905.02(A)(1), a felony of the third degree; Count 3: Aggravated Arson, in violation of R.C. 2909.02(A)(2), a felony of the second degree; and Count 4: Carrying Concealed Weapons, in violation of R.C. 2923.12(A)(1), a misdemeanor of the first degree. (OP 2).

{¶6}     On December 30, 2015, Dennison entered into a negotiated plea with the State. (OP 20). Dennison entered a plea of guilty to Count Three of the Indictment: Aggravated Arson, in violation of R.C. 2909.02(A)(2); and the State entered a nolle prosequi for Counts One, Two, and Four of the Indictment. (OP 22, p. 1). The trial court accepted the plea and sentenced Dennison to an eight-year term of incarceration at the appropriate state penal institution. (*Id.* at 1-2). As part of the plea agreement, the State recommended that Dennison's sentence run concurrent with a pending criminal matter in West Virginia. (*Id.* at 3). According to the record, Dennison intended to seek relief under the Interstate Agreement on Detainers so that he could be transferred to the State of West Virginia to address the criminal matter there. (Appellee's Brief at 1; OP 30, p. 2).

{¶7}     However, it was later determined that the detainer lodged by the State of West Virginia was the result of a probation violation, not pending charges. (Appellee's Brief at 1). Since no charges were pending, the State of West Virginia chose not to take Dennison into custody until his sentence in this matter expired. (Appellee's Brief at 1).

{¶8}     In September 2016, Dennison filed a pro se motion, which the trial court treated as a petition for postconviction relief. (OP 30). In his motion, Dennison moved to withdraw his guilty plea because it had been made with the assumption that he would be transferred to West Virginia after his sentencing in Ohio. On February 7, 2017, the trial court granted Dennison's motion. (OP 39). The trial court vacated Dennison's sentence, allowed the withdrawal of the guilty plea, and appointed new trial counsel. Dennison was now subject to the original indictment.

{¶9}     On March 29, 2017, Dennison, while represented by trial counsel Warren Morford ("Morford"), once again entered into a negotiated plea with the State. (OP 51).

Dennison entered a plea of guilty to Count Three of the Indictment: Aggravated Arson, in violation of R.C. 2909.02(A)(2). The State entered a nolle prosequi on Counts One, Two, and Four of the Indictment. (OP 52, p. 1) The trial court accepted the plea and sentenced Dennison to a seven-year term of incarceration at the appropriate state penal institution. (*Id.* at 1-2).

{¶10}   Dennison did not file a direct appeal. Instead, on February 12, 2018, he filed a second petition for postconviction relief. (OP 65). In his petition, Dennison alleged that Morford was ineffective by failing to file a motion to suppress Dennison's confession. Dennison claimed that the confession was given without the Miranda warnings. (*Id.* at 2). Additionally, Dennison alleged that Morford failed to obtain the body camera and dashboard camera videos of his arrest. (*Id.*). On February 16, 2018, the State responded to Dennison's petition by explaining that the Lawrence County Sheriff's Office and the Proctorville Police Department did not possess or use body cameras or dashboard cameras at the time of Dennison's arrest. (OP 69, p. 2-3).

{¶11}   On February 27, 2018, the trial court denied Dennison's petition for postconviction relief without holding a hearing. (OP 70). According to the trial court, Dennison failed to establish that Morford provided ineffective assistance of counsel. (*Id.* at 3).

{¶12}   Dennison timely filed an appeal. (OP 73).

## II. Assignments of Error

{¶13}   On appeal, Dennison assigns the following errors for our review:

Assignment of Error I:

> The trial court abused its discretion in denying Appellant's petition for postconviction relief without a hearing pursuant to R.C. 2953.21, when Appellant provided sufficient evidence and a prima facie showing of ineffective assistance of trial counsel dehor [sic] the record and the State submitted nothing to dispute the claims made by Appellant.

Assignment of Error II:

The trial court abused its discretion when it denied Appellant's petition for postconviction relief when Appellant's trial counsel rendered ineffective assistance of counsel, violating Appellant's right to effective assistance under the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I Section 10 and 16 of the Ohio Constitution.

Assignment of Error III:

The trial court abused its discretion and committed reversible error when it denied Appellant's postconviction petition without furnishing findings of fact and conclusions of law.

### III. Law and Analysis

### A. Standard of Review

{¶14}  " '[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 19, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion is an unreasonable, arbitrary, or unconscionable use of discretion, i.e., a view or action that no conscientious judge could honestly have taken. *State v. Kirkland,* 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67; *State v. Gavin,* 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 20.

### B. Res Judicata Bars Dennison's Petition for Postconviction Relief

{¶15}  Dennison failed to file a direct appeal from his conviction. Therefore, before we review the merits of Dennison's arguments, we must first address whether res judicata bars his assignments of error. After careful review, we find that Dennison's first two assignments of error are barred by res judicata.

{¶16} A petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal. *State v. Perry,* 10 Ohio St.2d 175, 182, 226 N.E.2d 104 (1967). The doctrine of res judicata bars such claims. *Id.* However, the presentation of competent, relevant, and material evidence dehors the record may defeat the application of res judicata. *See State v. Smith*, 17 Ohio St.3d 98, 101, 477 N.E.2d 1128 (1985), fn.1. "To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." *State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995). " '[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.' " *Id*., quoting *State v. Coleman,* 1st Dist. Hamilton No. C-900811, 1993 WL 74756, at *7 (Mar. 17, 1993). "Furthermore, the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal." *State v. Smith*, 4th Dist. Scioto No. 16CA3774, 2017-Ohio-7659, ¶ 12.

{¶17} In the case sub judice, Dennison alleges that the trial court erred in not finding ineffective assistance of trial counsel. Dennison maintains that Deputy Blake did not advise him of his Miranda warnings. Therefore, Dennison argues that trial counsel should have filed a motion to suppress his confession. In support of his argument, Dennison provided only one piece of evidence dehors the record: his own affidavit. According to that document, at the time of Dennison's arrest, Deputy Blake and Officer Woodyard were wearing body cameras and their vehicles were equipped with dashboard cameras. Accordingly, Dennison asserts that, during

discovery, trial counsel should have requested that the State turn over a copy of the video recording of his arrest.

{¶18}  We conclude that the evidence provided by Dennison dehors the record was known to Dennison since the commencement of this case and could have been used to advance an ineffective assistance of counsel claim in a direct appeal. In short, Dennison would have known from the commencement of this case whether Miranda warnings were administered to him, and in his affidavit he even states that he brought this information to the attention of his trial counsel. (OP 65, p. 1) Thus, since this evidence was available for use at the time of trial or in a direct appeal, res judicata bars Dennison's claims. In other words, Dennison's affidavit demonstrates that he knew of his trial counsel's alleged failures as early as the trial court proceedings, but still failed to file a direct appeal. Accordingly, he is barred by res judicata from bringing the claim in postconviction proceedings.

{¶19}  Even if the doctrine of res judicata would not bar Dennison's petition, Dennison's arguments would still fail on their merits. Thus, despite our finding that res judicata bars Dennison's petition, we will, in the interests of justice and thoroughness, briefly address Dennison's assignments of error. *See State v. McClellan*, 4th Dist. Meigs No. 00CA31, 2001 WL 1450831, at *2 (Oct. 31, 2001).

**C. The Trial Court Did Not Err in Denying Dennison's Petition for Postconviction Relief Without an Evidentiary Hearing**

{¶20}  In his first assignment of error, Dennison contends that the trial court abused its discretion in denying his postconviction petition without a hearing. He claims that he provided evidence sufficient to demonstrate ineffective assistance of counsel. However, we find that the petition lacked substantive grounds for relief; thus, the trial court was not required to hold an

evidentiary hearing. Moreover, this disposition of Dennison's first assignment of error renders moot his second assignment of error, which is based on the failed claim of ineffective assistance of counsel. Our analysis follows regarding how we reached these conclusions.

{¶21} A criminal defendant, seeking to challenge his conviction(s) through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982), citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Before the trial court can grant a hearing on the petition, the court must "determine whether there are substantive grounds for relief." R.C. 2953.21(D). When making this determination, the court must consider the petition along with any supporting affidavits, documentary evidence, and all the files and records of the case. *Id.*

{¶22} "[E]vidence supporting a petition for post-conviction relief must meet some threshold level of cogency that advances the petitioner's claim beyond mere hypothesis. The evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights." (Internal citation omitted). *State v. Wright,* 4th Dist. Washington No. 06CA18, 2006-Ohio-7100, ¶ 22. Additionally, the court may assess the credibility of petitioner's evidence. *Id.* at ¶ 23, citing *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999). If the trial court finds no substantive grounds for relief, the petition should be dismissed without a hearing. *Calhoun* at 289.

{¶23} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). "In order to show deficient performance, the defendant must prove

that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *See State v. Madrigal*, 87 Ohio St. 3d 378, 389, 721 N.E.2d 52 (2000).

{¶24}  "When considering whether trial counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *State v. Walters,* 4th Dist. Washington Nos. 13CA33 & 13CA36, 2014-Ohio-4966, ¶ 23, quoting *Strickland* at 689. "Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment." *Id*., citing *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62 and *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988).

{¶25}  Here, according to Dennison's sworn affidavit, Deputy Blake and Officer Woodyard were wearing body cameras and their vehicles were equipped with dashboard cameras on the date of his arrest. Dennison claims that those devices contain video of his arrest, which shows that Deputy Blake failed to advise Dennison of his Miranda warning. Dennison argues that trial counsel should have filed for discovery to obtain a copy of that video. The only other evidence Dennison relies upon is Investigator Spradlin's testimony, in which Spradlin states that he was not present at the time of Dennison's arrest and thus had no firsthand knowledge of

whether Deputy Blake had read the Miranda warnings to Dennison. Consequently, Dennison argues that trial counsel should have filed a motion to suppress his confession.

{¶26} In response to Dennison's petition, the State asserted that the Lawrence County Sheriff's Office and the Proctorville Police Department did not possess or use body cameras or dashboard cameras at the time of Dennison's arrest. According to the State, trial counsel cannot be found ineffective for failing to demand evidence that does not exist.

{¶27} We cannot find that the trial court acted unreasonably in denying Dennison's petition for postconviction relief without an evidentiary hearing. It was within the trial court's discretion to assess the credibility of Dennison's evidence and to find that such evidence failed to materially advance his claim of ineffective assistance of counsel. In light of the evidence, we find that the trial court did not abuse its discretion in denying Dennison's petition for postconviction relief. Moreover, because Dennison failed to establish substantive grounds for relief, the trial court was not required to hold an evidentiary hearing before denying his petition.

{¶28} Accordingly, we overrule Dennison's first assignment of error. This holding renders moot the second assignment of error; hence, we decline to address it. *See* App.R. 12(A)(1)(c).

### D. The Trial Court Provided Sufficient Findings of Fact and Conclusions of Law

{¶29} In his third assignment of error, Dennison contends that the trial court failed to include sufficient findings of facts and conclusions of law.

{¶30} When a court dismisses a petition for post-conviction relief without an evidentiary hearing, it must make findings of fact and conclusions of law. R.C. 2953.21(D); *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. However, designated findings of fact and conclusions of law are not required if the court issues a judgment entry that

is sufficiently detailed to permit appellate review. *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 20, 530 N.E.2d 1330 (1988); *see also State v. Young*, 4th Dist. Lawrence No. 95CA01, 1996 WL 17249, *1 (Jan. 18, 1996).

{¶31}  Dennison contends that the trial court failed to include findings of facts and conclusions of law that were explicit enough to give us a clear understanding of the basis of the trial court's decision.

{¶32}  Dennison also argues that the trial court's decision was not supported by competent, credible evidence in the record. However, our holding, infra, that the trial court did not abuse its discretion in denying the petition for postconviction relief without an evidentiary hearing, renders this argument moot.

{¶33}  Although the court in the present case did not specifically label its findings and conclusions, it issued a detailed judgment entry setting forth its reasons for denying the petition for postconviction relief. The trial court's entry satisfies the purpose of R.C. 2953.21(D). Therefore, we find that the trial court did issue sufficient findings of fact and conclusions of law.

## IV. Conclusion

{¶34}  Having found that res judicata bars Dennison's assignments of error, and that the assignments of error are meritless or are moot, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

Harsha, J., dissenting:

{¶35}  I dissent and wish to address several matters.

{¶36}  First, in *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 9, we noted the uncertainty about the appropriate standard of review in this context, but concluded that a mixed question of law and fact standard was best. Nevertheless, a couple years later, we abandoned this approach and decided to follow the majority of Ohio courts in applying an abuse of discretion standard. *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶ 9-11.  I subsequently joined in the adoption of this approach because of my rereading of *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999), which stated that "the statute clearly calls for discretion in determining whether to grant a hearing * * *." *See State v. Lewis*, 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 28 (Harsha, J., concurring) ("Although it seems illogical to apply an abuse of discretion standard to determine whether a petition meets a certain legal standard, so be it"); *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 52 (appellate courts should grant same level of deference to trial court in postconviction relief regardless of whether the decision is prehearing or posthearing). Therefore, I agree with the application of an abuse-of-discretion standard in these cases.

{¶37}  However, it appears other courts have continued to adopt the hybrid standard of review we applied in *B.C.S.*, notwithstanding our abandonment of it. This is understandable in light of Westlaw's failure to indicate we have subsequently rejected this part of *B.C.S.*. Westlaw should update its citation service.

{¶38}  Second, I disagree with the majority's conclusion that res judicata barred Dennison's petition for postconviction relief, which raised an ineffective-assistance claim based on evidence that was outside the record. *See generally Baldwin's Oh. Prac. Crim. L.*, Section

81:3 (3d Ed.2018) (in postconviction proceedings, "the claim of ineffective trial counsel is not barred [by res judicata] if the claim arises from facts which are not present in the record and therefore cannot be argued on appeal"); *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 19 (Harsha, J., concurring) ("I do not believe that *res judicata* applies to bar those claims of ineffective assistance that could not have been the subject of a direct appeal because they are based on evidence outside the record").

{¶39}   Finally, I conclude Dennison's February 12, 2018 petition for postconviction relief sufficiently stated operative facts to establish substantive grounds for relief, entitling him to a hearing. Dennison affirmatively stated the arresting officers wore body cameras, the vehicles had dash cameras, and that video recordings from them would prove he was not Mirandized. He also affirmatively stated he advised counsel of these facts but counsel failed to investigate or obtain discovery. Rather than relying upon the states assertion in its memorandum contra that police agencies involved did not use video cameras, thus the alleged evidence did not exist, the court should have conducted an evidentiary hearing to determine the merit of Dennison's allegations. Or alternatively, the state could have obtained an affidavit that verifies what the state has alleged.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellee to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellee to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Opinion Only.
Harsha, J.: Dissents with Dissenting Opinion.

For the Court,

By: _____
       Marie Hoover
       Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**