[Cite as *State v. Dawson*, 2019-Ohio-2758.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 18CA17 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| DWAYNE DAWSON, et al., | : | |
| | : | |
| Defendants-Appellants. | : | **Released: 07/03/19** |

_____

APPEARANCES:

Dwayne Dawson, Chillicothe, Ohio, Pro Se Appellant.

Judy C. Wolford, Pickaway County Prosecutor, and Heather MJ Carter, Assistant Pickaway County Prosecutor, Circleville, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal from a Pickaway County Court of Common Pleas decision denying Appellant's petition for post-conviction relief alleging his trial counsel was ineffective. Because we find the trial court did not abuse its discretion in denying Appellant's petition, the judgment of the trial court is affirmed.

FACTS

{¶2} The State charged Appellant with trafficking in heroin under R.C. 2925.03(a)(1)(C)(6)(a), and involuntary manslaughter under R.C.

29035.04(A). Appellant initially pleaded not guilty, but later, after reaching a plea agreement, he pleaded guilty. The trial court sentenced Appellant to 12 months for the trafficking and 11 years for involuntary manslaughter with the sentences to be served concurrently with each other, and five years of post-release control upon his release from prison.

{¶3} Appellant filed a pro se motion to withdraw his plea, which the trial court denied. In a decision and entry dated March 23, 2018, this court affirmed Appellant's convictions on direct appeal in *State v. Dawson*, 4th Dist. Pickaway No. 17CA8, 2018-Ohio-1157.

{¶4} Appellant filed a petition for post-conviction relief on August 13, 2018 alleging ineffective assistance of his trial counsel. The trial court denied Appellant's petition without a hearing on the basis of res judicata. The trial court found that Appellant should have raised the issue of ineffective assistance of trial counsel on direct appeal, but reasoned that he had remedied that defect by filing a motion to reopen his appeal under App.R. 26(B) asserting ineffective assistance of appellate counsel for failing to assert that Appellant's trial counsel was ineffective, which we denied. It is this judgment of the trial court that Appellant, acting pro se, appeals to this court, asserting two assignments of error.

ASSIGNMENTS OF ERROR

I.     TRIAL COURT ABUSED IT'S [*SIC*] DISCRETION WHEN IT
       REFUSED TO HOLD AN EVIDENTARY HEARING AND
       ADJUDICATE APPELLANT'S CLAIM OF INEFFECTIVE
       ASSISTANCE OF COUNSEL WHEN PRESENETED WITH
       OVERWHELMING EVIDENCE WHICH DE HORS THE RECORD
       AND WHICH CLEARLY PROVES INEFFECTIVE ASSISTENCE
       OF COUNSEL AND A VIOLATION OF APPELLANT'S DUE
       PROCESS AND EQUAL PROTECTION OF THE LAW, A
       VIOLATION OF APPELLANT'S 5TH, 6TH AND 14TH U.S.
       CONSTITUTIONAL AMENDMENTS AND ARTICLE I, SECTION
       10 OF THE OHIO CONSTITUTION.

II.    TRIAL COURT ABUSED IT'S [*SIC*] DISCRETION WHEN IT
       REFUSED TO ADJUDICATE APPELLANT'S INEFFECTIVE
       ASSISTANCE OF COUNSEL CLAIM BY DENYING SAID
       CLAIM AS BEING BARRED BY RES JUDICATA.  TRIAL
       COURT VIOLATED APPELLANT'S DUE PROCESS AND
       EQUAL PROTECTION  OF THE LAW AND VIOLATED
       APPELLANT'S 5TH, 6TH, AND 14TH U.S. CONSTITUTIONAL
       AMENDMENTS AND ARTCLE I, SECTION 10 OF THE OHIO
       CONSTITUTION.

STANDARD OF REVIEW

{¶5}  "A trial court's decision to grant or deny a R.C. 2953.21 petition

for postconviction relief should be upheld absent an abuse of discretion."

*State v. Ulmer*, 4th Dist. Scioto No. 15CA3708, 2016-Ohio-2873, ¶ 11,

citing *State v. Bennett,* 4th Dist. Scioto No. 15CA3682, 2015-Ohio-3832,

¶ 9.  "An 'abuse of discretion' is more than an error of law or judgment; it

implies that the trial court's attitude was unreasonable, arbitrary or

unconscionable." *Id*, citing *State v. Herring,* 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002).

## ASSIGNMENT OF ERROR I

{¶6} Appellant argues the trial court abused its discretion in denying his petition for post-conviction relief without holding a hearing. Appellant argues that his claim relies on evidence outside the record so a hearing was needed.

{¶7} "A criminal defendant, seeking to challenge his conviction(s) through a petition for post-conviction relief is not automatically entitled to an evidentiary hearing." *State v. Dennison*, 4th Dist. Lawrence No. 18CA6, 2018-Ohio-4502, ¶ 21. "Before the trial court can grant a hearing on the petition, the court must 'determine whether there are substantive grounds for relief.' " *Id.,* quoting R.C. 2953.21(D). If an Appellant's petition is "premised upon claims of ineffective assistance of counsel * * * that are barred by the doctrine of res judicata, the court was not required to hold a hearing." *State v. Pemberton*, 4th Dist. Gallia No. 10CA4, 2011-Ohio-373, ¶ 5. However, "[t]he introduction of evidence outside the record of ineffective assistance of counsel is generally sufficient to avoid dismissal of a postconviction petition on the basis of res judicata." *State v. Lechner*, 4th Dist. Highland No. 95CA883, 1996 WL 146496, at *5.

{¶8} Appellant claims his attorney gave him "bad advice" to plead guilty that relied on evidence outside the record, but he fails to identify any such evidence.

{¶9} Because the trial court did not abuse its discretion in refusing to hold a hearing before it dismissed Appellant's petition for post-conviction relief, we overrule Appellant's first assignment of error.

ASSIGNMENT OF ERROR II

{¶10} In his second assignment of error, Appellant contends the trial court abused its discretion in holding that res judicata precluded its consideration of his petition for post-conviction relief.

{¶11} "The proper time to raise an ineffective assistance of trial counsel argument is on direct appeal of the original conviction and sentence." *State v. Brown*, 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 26, citing *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031. A claim of ineffective assistance of counsel presented in a post-conviction petition may be dismissed under the doctrine of res judicata when the petitioner, represented by new counsel on direct appeal, has failed to raise on appeal the issue of trial counsel's competence and the issue could fairly have been determined without evidence dehors the record. *State v. McKnight*, 4th Dist. Vinton No. 2008-Ohio-2435, ¶ 30, quoting *State v.*

*Sowell, State v. Sowell*, 73 Ohio App.3d 672, 676, 598 N.E.2d 136 (1st. Dist.).

{¶12} Appellant had different counsel at the trial court and in his direct appeal.  Accordingly, Appellant was required to challenge the ineffectiveness of his trial counsel on direct appeal, but he failed to do so.

{¶13} Appellant did file a motion to reopen his appeal under App.R. 26(B), asserting his appellate counsel was ineffective for failing to raise his trial counsel's effectiveness, but we denied the motion.  Therefore, res judicata precluded Appellant from raising the ineffectiveness of his trial counsel's representation in his petition for post-conviction relief at issue herein.  *McKnight*, 4th Dist. Vinton No. 2008-Ohio-2435, ¶ 30.

{¶14} Because the trial court did not abuse its discretion in denying Appellant's petition for post-conviction relief on the basis of res judicata, we overrule Appellant's second assignment of error.

## CONCLUSION

{¶15} Having overruled both of Appellant's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED. Costs are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**