[Cite as *State v. Mills*, 2021-Ohio-1945.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

PHIL D. MILLS

    Appellant

C.A. No.      29856

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CR 16 08 2784

DECISION AND JOURNAL ENTRY

Dated: June 9, 2021

CALLAHAN, Judge.

{¶1}   Appellant, Phil D. Mills, appeals an order of the Summit County Court of Common Pleas that denied his petition for postconviction relief.  This Court affirms.

I.

{¶2}   In 2017, a jury found Mr. Mills guilty of aggravated burglary with an accompanying firearm specification, aggravated robbery with an accompanying firearm specification, and having weapons while under disability.  The trial court merged the aggravated burglary and aggravated robbery convictions and their specifications and sentenced Mr. Mills to concurrent prison terms of six years for aggravated burglary and three years for having weapons while under disability and to a prison term of three years for the firearm specification, to be served consecutively.  Mr. Mills appealed, and the transcript of proceedings in his direct appeal was filed on April 20, 2018.  On March 6, 2019, this Court affirmed his convictions, and on March 11, 2019, Mr. Mills filed a timely petition for postconviction relief.  Mr. Mills filed an application to reopen his direct appeal

on April 29, 2019. This Court granted the application and, on January 13, 2021, affirmed his convictions in part but reversed and remanded for resentencing because the trial court did not impose postrelease control properly. *See State v. Mills*, 9th Dist. Summit No. 28954, 2021-Ohio-52.

{¶3} The trial court denied Mr. Mills' petition for postconviction relief on September 14, 2020, concluding that his claims for relief were barred by res judicata. Mr. Mills filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED BY DECLARING THAT THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WAS BARRED VIA THE RES JUDICATA DOCTRINE.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ABUSED [ITS] DISCRETION BY DISMISSING THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF (WHICH IS SUPPORTED BY COMPETENT AND CREDIBLE EVIDENCE THEREFORE, WARRANTING AN EVIDEN[TIARY] HEARING).

{¶4} In his two assignments of error, Mr. Mills argues that the trial court erred by concluding that his claims were barred by application of res judicata and dismissing his petition for postconviction relief without a hearing. Mr. Mills' assignments of error are interrelated, so they are combined for purposes of disposition.

{¶5} R.C. 2953.21(A)(1)(a) provides that:

[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

Trial courts considering a timely petition for postconviction relief must first decide whether a hearing is warranted by determining whether there are substantive grounds for relief with reference to "the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]" R.C. 2953.21(D). Consequently, a trial court may summarily dismiss a petition that "does not allege facts which, if proved, would entitle the prisoner to relief[]" or a petition whose allegations are negated by the supporting evidence and the record. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph two and three of the syllabus. *See also State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus; *State v. Lester*, 41 Ohio St.2d 51 (1975), paragraph two of the syllabus.

{¶6} Courts must also consider whether the doctrine of res judicata bars the claims raised in a petition for postconviction relief. *See Perry* at paragraph 8 of the syllabus. Res judicata is grounds for summary dismissal of a petition. *Lester* at 55. "Postconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). *See also Perry* at paragraph seven of the syllabus. "When a trial court denies a petition for post-conviction relief on the basis of an issue of law, such as the doctrine of res judicata, this Court reviews the matter de novo." *State v. Palmer*, 9th Dist. Summit No. 28723, 2018-Ohio-1486, ¶ 19, citing *State v. Tauwab*, 9th Dist. Summit No. 28022, 2017-Ohio-81, ¶ 10.

{¶7} Mr. Mills asserted four claims for relief in his petition. In the first, he alleged that he was deprived of due process because the indictment was not returned to a judge of the Court of Common Pleas in a manner consistent with Crim.R. 6(F). Mr. Mills has not challenged the trial court's dismissal of this claim for relief. Mr. Mills' second, third, and fourth claims for relief alleged ineffective assistance of counsel. In his second claim for relief, Mr. Mills alleged that trial

counsel was ineffective by virtue of the fact that his attorney failed to argue that Mr. Mills should have been identified as a suspect at an earlier date as a result of DNA collection in the criminal justice system. Mr. Mills' third claim for relief alleged that trial counsel was ineffective because his attorney failed to retain an expert to explain inconsistencies between the testimony of a defense witness and the victim. In his fourth claim for relief, Mr. Mills alleged that trial counsel was ineffective because his attorney failed to investigate the physical similarities between a defense witness and the victim's description of the perpetrator.

{¶8} Courts apply the same standard for assessing ineffective assistance of counsel when considering a petition for postconviction relief as is applied when the issue is raised on direct appeal. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 61. Thus, in order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id*. at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. Res judicata is a proper basis for dismissing a petition that alleges ineffective assistance of trial counsel when the issue could have been raised without resort to evidence outside the record on direct appeal and the defendant did not do so, although represented by new appellate counsel. *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus.

{¶9} Mr. Mills was represented by different counsel at trial and in his reopened direct appeal.[1] His second claim for relief—that trial counsel was ineffective because his attorney did not argue that Mr. Mills was denied due process because he was not identified as a suspect sooner—could have been raised on direct appeal. The substance of this claim is that his prosecution could have commenced sooner had DNA been collected from him at various times between the crime and his arrest. A delay did occur, but the source of that delay was a failure on the part of law enforcement to obtain a confirmation sample in response to notification of a DNA match, and the facts surrounding the delay were apparent from the trial court record and could have been raised on direct appeal. Moreover, to the extent that Mr. Mills' second claim for relief argues that he was not brought to trial within the statute of limitations, a similar argument was rejected in his direct appeal. *Mills*, 2021-Ohio-52, at ¶ 7-10.

{¶10} Mr. Mills' third and fourth claims for relief, which alleged ineffective assistance of counsel in connection with a defense witness, were also apparent from the record and could have been raised in his direct appeal. The witness at issue, Elohim El-Jones, is an incarcerated individual who claimed that he heard about the crime with which Mr. Mills was charged; realized that he, himself, may have committed the crime; and determined to testify on Mr. Mills' behalf. With respect to Mr. Mills' third claim for relief, any inconsistencies between Mr. El-Jones' testimony and the testimony of the victim were apparent from the record, and ineffective assistance in this regard could have been raised on direct appeal. *Compare State v. Blanton*, 4th Dist. Adams Nos. 19CA1096, 19CA1097, 2020-Ohio-7018, ¶ 26-27. This situation is, therefore, distinguishable from those cases in which res judicata does not apply because the basis for an

---

[1] Trial counsel also did not participate in his direct appeal before this Court granted the application for reopening.

ineffective assistance claim cannot be discerned from the record on direct appeal. *See, e.g., In re D.J.*, 9th Dist. Summit No. 29119, 2020-Ohio-3528, ¶ 19, citing *State v. Dovala*, 9th Dist. Lorain No. 08CA009455, 2009-Ohio-1420, ¶ 17-18. Similarly, the basis for Mr. Mills' fourth claim for relief—which alleged that trial counsel was ineffective by virtue of failing to investigate the physical similarities between Mr. El-Jones and the victim's description of the perpetrator—was also apparent from the record. Both the victim's description and testimony regarding the physical appearance of Mr. Mills and Mr. El-Jones were the subject of testimony at trial, and this ineffective-assistance argument could have been raised on direct appeal. *Compare State v. Burton*, 9th Dist. Summit No. 28359, 2017-Ohio-7588, ¶ 12; *State v. Shirey*, 9th Dist. Summit No. 20930, 2002-Ohio-4151, ¶ 15-17.

{¶11} Mr. Mills suggests that his second, third, and fourth claims for relief should not have been dismissed as res judicata because he appended exhibits to his petition that were not part of the record on appeal. "'For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial.'" *State v. Jennings*, 10th Dist. Franklin No. 17AP-248, 2018-Ohio-3871, ¶ 17, quoting *State v. Montgomery*, 10th Dist. Franklin No. 13AP-1091, 2014-Ohio-5756, ¶ 19. *Accord State v. Dennison*, 4th Dist. Lawrence No. 18CA6, 2018-Ohio-4502, ¶ 18; *State v. Long*, 5th Dist. Richland No. 17CA15, 2017-Ohio-2848, ¶ 17.

{¶12} In support of his second, third, and fourth claims for relief, Mr. Mills provided the trial court with numerous documents that appeared in the record on appeal or were otherwise available at the time of trial. Specifically, Mr. Mills draws this Court's attention to a Wikipedia page, an entry in the World Book Encyclopedia, and a document that purports to describe the

physical characteristics of Mr. El-Jones. Even assuming that reference materials such as these are "evidence" for purposes of postconviction relief, this Court notes that all of the information contained in these documents existed and was available for use at the time of trial, so Mr. Mills cannot defeat application of res judicata with resort to these materials. *See In re D.J.* at ¶ 14.

{¶13} The trial court did not err by dismissing Mr. Mills' second, third, and fourth claims for relief without a hearing. His first and second assignments of error are, therefore, overruled.

## III.

{¶14} Mr. Mills' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                   _____

LYNNE S. CALLAHAN
FOR THE COURT


TEODOSIO, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

PHIL D. MILLS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.